UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN T. SCULL,

                                   Plaintiff,

v.

PATRICK K. HENNEGAN,
ROGER TREVINO and
JOHN P. BARTOLOMEI,
BRIAN DEL PORTO,
NIAGARA FALLS REDEVELOPMENT LLC,
11TH STREET PROPERTIES LLC,
CLARKSVILLE LAND COMPANY LLC,
HOWARD MILSTEIN (Owner NFR),
ANTHONY BERGAMO (President NFR),
CITY OF NIAGARA FALLS NEW YORK,
THOMAS G. EWING,
                                   Defendants.

**REPORT AND RECOMMENDATION**

15-CV-00309-RJA-JJM

---

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings [8].[1] For the following reasons, I recommend that the defendant Anthony Bergamo be dismissed from the action pursuant to Fed. R. Civ. P. ("Rule") 25(a)(1).

**BACKGROUND**

The parties' familiarity with the allegations of the Amended Complaint [31], which are set forth in my May 4, 2017 Report and Recommendation [64], is presumed. By letter dated October 12, 2017, defendant Bergamo's counsel informed the parties that he passed away on September 29, 2017 [85]. I deemed that letter a statement of death (Text Order dated October 16, 2017 [86]), and docketed it as such [85]. I also informed the parties that if a motion

---

[1]     Bracketed references are to the CM/ECF docket entries.

for substitution was not filed by January 17, 2018, I would recommend that the action against defendant Bergamo be dismissed. Text Order dated October 16, 2017 [86]. Copies of my Text Order [86] and the statement of death [85] were mailed to plaintiff at the address he had provided to the Court. October 16, 2017 Remark [87]. The January 17, 2018 deadline has passed and no motion for substitution has been filed or extension requested.

## ANALYSIS

Rule 25(a)(1) states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed".[2] Since more than 90 days have elapsed since the statement noting defendant Bergamo's death was served on the parties and no motion for substitution (or for an extension) has been filed, the claims against defendant Bergamo must be dismissed. See Sparks v. Casual Male Retail Group., Inc., 2010 WL 5647109, *1 (W.D.N.Y. 2010) (McCarthy, M.J.), adopted, 2011 WL 283276 (W.D.N.Y. 2011) (Arcara, J); Perry v. Perry, 2014 WL 2993488, *2 (E.D.N.Y. 2014).

## CONCLUSION

For these reasons, I recommend that defendant Bergamo be dismissed from this action, with prejudice. Unless otherwise ordered by Judge Arcara, any objections to this Report

---

[2] The only exception under this rule is for public officers sued solely in their official capacities. See Rule 25(d); Baron v. Miller, 2015 WL 1788945, *3 (N.D.N.Y. 2015). Since defendant Bergamo is sued as a private individual (Amended Complaint [31], ¶33), that exception does not apply.

and Recommendation must be filed with the clerk of this court by February 12, 2018. Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: January 24, 2018

    /s/ Jeremiah J. McCarthy
    JEREMIAH J. MCCARTHY
    United States Magistrate Judge