UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN T. SCULL,

                Plaintiff,

                                                        DECISION AND ORDER
       v.                                                         15-CV-309A

PATRICK K. HENNEGAN,
THOMAS G. EWING,
ROGER TREVINO and
JOHN P. BARTOLOMEI,
BRIAN DALPORTO,
NIAGARA FALLS REDEVELOPMENT LLC,
11TH STREET PROPERTIES LLC,
CLARKSVILLE LAND COMPANY LLC,
HOWARD MILSTEIN (owner NFR),
CITY OF NIAGARA FALLS NEW YORK,

                Defendants.

       This case was referred to Magistrate Judge Jeremiah J. McCarthy, pursuant to 28 U.S.C. § 636(b)(1)(B). On May 14, 2018, Judge McCarthy filed a Report and Recommendation (Dkt. No. 119), recommending that *pro se* Plaintiff John T. Scull's motion for partial summary judgment (Dkt. No. 102) be denied.

       On June 1, 2018, the Plaintiff filed objections to the Report and Recommendation (Dkt. No. 121). Each Defendant has responded to the Plaintiff's objections. The Plaintiff has also filed "supplementing objections" (Dkt. 122) and a motion to "amend his objections" (Dkt. 133). Given the Plaintiff's *pro se* status, and in light of the fact that no party has objected to these procedurally-irregular filings, the Court has considered these documents as part of the Plaintiff's original objections.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must review *de novo* those portions of the Report and Recommendation to which objections have been made. Upon *de novo* review, and after reviewing the submissions from the parties, the Court adopts Judge McCarthy's recommendations. As Judge McCarthy's summary of the record demonstrates, the Plaintiff has not shown that, when the facts are viewed in the light most favorable to the Defendants, there is no genuine dispute over whether (1) the Plaintiff is the owner of the 8' x 12' bulldog kiosk that was allegedly stolen; (2) the municipal defendants are entitled to qualified immunity; and (3) the City of Niagara Falls is liable for the Plaintiff's claims. *See generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Thus, for the reasons set forth in Magistrate Judge McCarthy's Report and Recommendation, the Plaintiff's motion for partial summary judgment is denied.

Finally, the Plaintiff's objections suggest, *e.g.*, Dkt. 133 at 2, that the Plaintiff intends to attempt to take an interlocutory appeal if the Court denies his motion for partial summary judgment. Because "the filing of a notice of appeal is an event of jurisdictional significance," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), and because a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), the Court *sua sponte* considers whether the Plaintiff's anticipated notice of appeal will divest the Court of subject-matter jurisdiction.

"A district court's denial of summary judgment is ordinarily not an appealable 'final decision' within the meaning of 28 U.S.C. § 1291," and none of the limited exceptions to the final-decision rule appears to be implicated by this Decision and Order. *Tolbert v.*

*Queens College*, 164 F.3d 132, 138 (2d Cir. 1999). *See also Plumhoff v. Rickard*, 134 S. Ct. 2012, 2018 (2014) ("An order denying a motion for summary judgment is generally not a final decision within the meaning of § 1291 and is thus generally not immediately appealable.") The Plaintiff's anticipated notice of appeal therefore appears to be premature.

Although the filing of a notice of appeal typically divests a district court of subject-matter jurisdiction, *see Griggs*, 459 U.S. at 58, a premature notice of appeal does not do so. *See United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996). The Court therefore concludes that, notwithstanding the Plaintiff's anticipated notice of interlocutory appeal, the Court retains subject-matter jurisdiction over this case.

The matter is recommitted to Judge McCarthy for further proceedings.

IT IS SO ORDERED.

      *s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: November 1, 2018