UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN T. SCULL,

                                      Plaintiff,                Case # 15-CV-309-FPG

v.                                                                 DECISION AND ORDER

PATRICK K. HENNEGAN., et al.,

                                      Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff John T. Scull brought this action against several private and governmental actors who allegedly took part in the seizure of a large bulldog statue that Scull owns. *See* ECF No. 1-2 at 24. There are three sets of defendants remaining: (1) the City defendants (the City of Niagara Falls, Patrick K. Hennegan, Thomas G. Ewing, and Brian Dalporto; (2) the NFR defendants (Roger Trevino, Niagara Falls Redevelopment LLC, 11th Street Properties LLC, Clarksville Land Company LLC, Howard Milstein); and (3) John P. Bartolomei.[1]

Before the Court is the Report & Recommendation ("R&R") of United States Magistrate Judge Jeremiah J. McCarthy, in which he recommends granting in part the City defendants' motion for summary judgment (ECF No. 127), granting the NFR defendants' motion for summary judgment (ECF No. 130), granting in part Bartolomei's motion for summary judgment (ECF No. 129), and denying Scull's motion for leave to supplement his amended complaint (ECF No. 142). In addition, after Judge McCarthy issued the R&R, Scull filed several motions requesting various relief (ECF Nos. 133, 171, 173, 174, 175). The Court rules on all of these motions below.

---

[1] The claims against another defendant, Anthony Bergamo, were dismissed in March 2018. ECF No. 104.

## LEGAL STANDARD

Generally, a court reviews portions of an R&R to which a party makes specific objections *de novo.* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). When a party does not object to the R&R, however, the court will review it for clear error. *EEOC v. AZ Metro Distributors, LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017). "When performing such a clear error review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## BACKGROUND

In August 2005, the NFR defendants contracted with Scull for the purchase of a large bulldog statue. Trevino is an executive of Niagara Falls Redevelopment LLC, 11th Street

Properties LLC, and Clarksville Land Company LLC, and he purchased the statue on behalf of 11th Street Properties LLC. In addition to that bulldog statue, Scull asserts that he owns a replica of the purchased statue.

Scull alleges that he never delivered the purchased statue because it was destroyed in a windstorm in 2006. Scull also claims that he notified Bartolomei, then the attorney for the NFR defendants, of the incident. Regardless, it does not appear that Trevino made any effort to obtain the statue or enforce that part of the contract after it was executed.

On June 19, 2012, Trevino learned that Scull had parked his trailer on the property of Clarksville Land Company LLC. On the trailer was the bulldog statute, though Scull alleges that it was the replica. Trevino contacted Officer Hennegan, who works for the Niagara Falls Police Department. Officer Hennegan issued a parking ticket to Scull for parking his trailer on private property. Trevino told Officer Hennegan that the bulldog statue belonged to him, and he showed Officer Hennegan the 2005 contract as proof of ownership. *See* ECF No. 130-7 at 1. From the police report, it appears that Officer Hennegan informed Trevino "that he could take possession of his property that was located on the illegally parked trailer." ECF No. 163 at 22. Trevino had the trailer towed and took the bulldog statue to a warehouse. Trevino avers that he "believed then and believe[s] now" that the statue he took is the one purchased in 2005. ECF No. 130-6 ¶ 6.

A few days later, when Scull discovered that his trailer was gone, he contacted the Niagara Falls Police Department and learned what had occurred. Officer Warme responded to the scene and informed Scull that Trevino had taken the statue. Scull claims that the statue on the trailer was, in fact, the replica, not the one Trevino purchased. Scull therefore requested that Officer Warme press charges against Trevino for larceny, but Officer Warme stated that it was a "civil matter." ECF No. 31 at 24. Subsequently, Scull complained about the incident to Detective Ewing

and Police Chief Dalporto, but they took no action against Trevino or Hennegan. Similarly, Scull reached out to Bartolomei, now the former attorney for the NFR defendants, to no avail.

In April 2015, Scull brought this action. He asserts a variety of claims against the defendants, which Judge McCarthy summarized in the R&R. *See* ECF No. 154 at 6-7. Bartolomei filed counterclaims against Scull for abuse of process, attorney's fees and costs, and punitive damages. ECF No. 34 at 15-16.

At summary judgment, Judge McCarthy recommended granting the NFR defendants' motion for summary judgment. He concluded that Scull had failed to offer any evidence to rebut Trevino's claim that "he had a good-faith basis for believing that the bulldog [statue] belonged to him" and that he never conspired with anyone to violate Scull's rights. ECF No. 154 at 8. Judge McCarthy therefore determined that, as private actors who had not conspired with any governmental officials, the NFR defendants could not be held liable under § 1983. *Id.* at 8-10; *see also Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").

Judge McCarthy recommended granting in part the City defendants' motion for summary judgment. Judge McCarthy denied summary judgment as to Scull's claims arising from Officer Hennegan's decision to permit Trevino to take the statue. *See* ECF No. 154 at 11-13. Judge McCarthy did not rule on the substance of these claims, concluding that the City defendants had not developed any arguments as to why they should be dismissed. *See id.*

Judge McCarthy recommended granting Bartolomei's motion for summary judgment to the extent it sought dismissal of Scull's claims, but recommended denying it to the extent it sought

summary judgment on the counterclaims.  Judge McCarthy noted that this was the second time that Bartolomei had sought summary judgment on his counterclaims "[w]ithout citing any case law or evidentiary support." *Id.* at 13-14.  Such a "bare bones motion for summary judgment" was insufficient to grant relief.  *Id.* at 13.

Finally, Judge McCarthy recommended denying Scull's motion for leave to supplement the amended complaint because (1) the deadline for amending pleadings had passed and (2) the proposed supplementation was already alleged in the amended complaint.  *Id.* at 15-16.

## DISCUSSION

The City defendants and Scull filed objections to the R&R.  *See* ECF No. 158, 163.  The City defendants argue that the undisputed facts "show[] that Officer Hennegan did not conspire with or give permission to Defendant Trevino [to] unlawfully take Plaintiff's property."  ECF No. 158 at 2.  Consequently, the City defendants cannot be held liable.  *Id.* at 3-4.  As for Scull, he broadly challenges Judge McCarthy's reasoning and conclusions.  *See generally* ECF No. 163.

The Court has conducted a *de novo* review of the record, the briefing, and Judge McCarthy's R&R.  Except as discussed below, the Court concurs with Judge McCarthy's recitation of the facts and resolution of the issues.  As Judge McCarthy determined, Scull's allegations that Trevino conspired with the City defendants to deprive him of the bulldog statue are based on speculation and conjecture.  *See* ECF No. 154 at 8-9.  Without sufficient allegations establishing state action, Scull cannot prevail on a § 1983 action against any of the NFR defendants or Bartolomei, as they are private actors.  *See Ciambriello*, 292 F.3d at 324 (stating that a § 1983 conspiracy claim requires that the private entity act "in concert with the state actor to commit an unconstitutional act").  In those respects, the Court adopts the R&R.

5

The Court departs from the R&R only as it relates to the City defendants' liability. Judge McCarthy did not reach several dispositive issues relating to the City defendants' liability because he concluded that they had not been adequately raised. *See* ECF No. 154 at 11-13. Even if the Court were to agree that the City defendants failed to raise these issues, they now do so in their objection, and the Court exercises its discretion to consider them. *See Levy v. Young Adult Inst., Inc.*¸ 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015). Judicial economy favors the resolution of issues "not open to serious question." *Id.* Furthermore, the parties have had an adequate opportunity to address these issues, so there is no unfairness in resolving them.

Specifically, the Court concludes that the City defendants cannot be held liable for Trevino's private act of taking the statue. That is, although the City defendants are governmental actors who could be held liable under § 1983, they cannot be held liable in this case because it was Trevino who dispossessed Scull of the statue. The only evidence that Scull cites to bridge this gap is that Officer Hennegan told Trevino that "he could take possession of his property that was located on the illegally parked trailer." ECF No. 163 at 22. That is not enough, however.

The conduct at issue is akin to that of a private repossession. An officer may only be held liable under § 1983 for a private actor's repossession of another's property if the officer has an "active hand in the repossession." *Barrett v. Harwood*, 189 F.3d 297, 302 (2d Cir. 1999). Mere presence at the scene is insufficient; courts require that the officer affirmatively aid, facilitate, direct, or encourage the repossession. *See Marcus v. McCollum*, 394 F.3d 813, 819 (10th Cir. 2004).

Here, even viewing the facts in the light most favorable to Scull, Officer Hennegan did not have an "active hand" in the repossession. He did not compel or encourage Trevino to take the statue, and he did not assist Trevino in removing it. While Officer Hennegan's statement may

6

have emboldened Trevino or allayed his doubts, he did not have an "active role" that "affirmatively assisted" the repossession. *Barrett*, 189 F.3d at 303; *accord Zitta v. Graham*, 996 F. Supp. 2d 272, 282-83 (D. Vt. 2014) (no state action in private repossession, where officer merely reviewed repossessor's evidence of ownership and permitted repossessor to drive away with the property). Accordingly, Officer Hennegan cannot be held liable under § 1983 for Trevino's conduct.

As for the other City defendants, Scull's claims fail against the individual defendants because there is insufficient evidence of a "cover up." Scull's claims against the City fail because there is insufficient evidence of an unlawful policy, custom, or practice related to these kinds of repossessions. *See Jones v. Sherry W.*, No. 16-CV-234, 2019 WL 6768778, at *3 (W.D.N.Y. Dec. 12, 2019) (listing circumstances in which a municipality may be held liable under § 1983).

In short, the Court adopts Judge McCarthy's R&R except insofar as it declined to address the City defendants' liability. The Court concludes that the City defendants are entitled to judgment as a matter of law and the claims against them must be dismissed.

In light of this conclusion, all of Scull's claims have been dismissed on summary judgment. The only remaining claims are Bartolomei's counterclaims, on which the Court will require further action.

As Judge McCarthy noted, Bartolomei has twice sought summary judgment on his counterclaims, and in both instances his submissions were deemed too conclusory to justify relief. *See* ECF No. 64 at 15-16; ECF No. 154 at 13-14. It is also worth noting that the counterclaim pleading is similarly conclusory. *See* ECF No. 34 at 15-17.

Given the lack of factual and legal support Bartolomei has marshalled to justify his counterclaims, it is unclear whether there is any need to continue this litigation solely to resolve the counterclaims. For that reason, the Court invokes its authority under Federal Rule of Civil

7

Procedure 56(f)(3) and orders Bartolomei to demonstrate why his counterclaims should not be dismissed on summary judgment.  *See* Fed. R. Civ. P 56(f)(3) ("After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.").  Specifically, Bartolomei must present legal authority to support his counterclaim for abuse of process and his requests for attorney's fees, costs, and punitive damages.  He must also present sufficient evidence to support his legal theories.

Bartolomei must submit his memorandum of law and supporting documentation and evidence by **March 2, 2020**.  Scull may file a response by **March 16, 2020**, and Bartolomei may file a reply by **March 23, 2020**.

Alternatively, to the extent Bartolomei no longer wishes to pursue his counterclaims, he may file a letter withdrawing his counterclaims by **March 2, 2020**, in which case no further briefing will be required, judgment will be entered, and the case will be closed.

## CONCLUSION

For the reasons stated above, Judge McCarthy's R&R (ECF No. 154) is ADOPTED IN PART and REJECTED IN PART.  The City defendants' motion for summary judgment (ECF No. 127) is GRANTED.  Bartolomei's motion for summary judgment (ECF No. 129) is GRANTED IN PART and DENIED IN PART, in that the motion is granted except as to Bartolomei's counterclaims.  The NFR defendants' motion for summary judgment (ECF No. 130) is GRANTED.  Scull's motion for leave to supplement the amended complaint (ECF No. 142) is DENIED.  The Clerk of Court is directed to terminate Patrick K. Hennegan, Thomas G. Ewing, Brian Dalporto, Roger Trevino, Niagara Falls Redevelopment LLC, 11th Street Properties LLC,

Clarksville Land Company LLC, Howard Millstein, and the City of Niagara Falls New York from this action.

The Court has reviewed Scull's motions for miscellaneous relief (ECF Nos. 133, 171, 173, 174, 175) and concludes that they lack merit or do not warrant relief. Accordingly, they are DENIED.

In accordance with Federal Rule of Civil Procedure 56(f)(3), the Court orders Bartolomei to demonstrate why his counterclaims should not be dismissed on summary judgment. Bartolomei must submit his memorandum of law and supporting documentation and evidence by **March 2, 2020**. Scull may file a response by **March 16, 2020**, and Bartolomei may file a reply by **March 23, 2020**.

Alternatively, to the extent Bartolomei no longer wishes to pursue his counterclaims, he may file a letter withdrawing his counterclaims by **March 2, 2020**, in which case no further briefing will be required, judgment will be entered, and the case will be closed.

IT IS SO ORDERED.

Dated: February 11, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court